## THE MAYOR AND COMMON COUNCIL OF WESTMINSTER *vs.* THE WESTMINSTER SAVINGS BANK.

*Taxation of Savings Banks.*

*Code*, Art. 81, sec. 86, provides that every savings bank shall pay a franchise tax of one-fourth of one per cent on its total deposits, and declares that no other tax shall be laid on such bank in respect of such deposits. The Act of 1890, ch. 491, provides that sec. 86 shall not be be construed as granting exemption from taxation to the shares of any bank or to any other taxable property by reason of its ownership by a savings bank. *Held,*

1st. That the securities in which the deposits of a savings bank are invested are not taxable, and that the effect of the two statutes is that savings banks must pay the franchise tax of one-fourth of one per cent on the total amount of their deposits without any deduction for such portion of the deposits as is invested in property which is non-taxable, or upon which other persons or corporations are required by law to pay the taxes, and that such other persons or corporations as are required by law to pay the taxes on those investments shall not be entitled to exemption therefrom by reason of the ownership of the property by a savings bank.

2nd. That the capital stock and surplus funds of a savings bank which are distinct from its deposits are subject to taxation in the same manner as capital stock of other corporations, but such tax can only be recovered after an assessment levied as provided by statute.

Appeal from the Circuit Court for Carroll County.

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*Charles E. Fink* and *Jno. Milton Reifsnider* for the appellant.

*Charles T. Reifsnider, Jr.*, (with whom was *E. Oliver Grimes, Jr.*, on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion of the Court:

The appellant is a municipal corporation having power under its charter to tax for municipal purposes all property, within its corporate limits, which is subject to assessment for State and county taxes.  In the attempted exercise of this power the appellant levied a tax for the years 1896, 1897 and 1898 upon the real estate of the appellee, which is a savings bank, and also upon its securities consisting of stocks, bonds, bills receivable and judgments in its favor.

The appellee, having paid the tax of one-fourth of one per cent on the total amount of its deposits imposed on it by sec. 86 of Art. 81 of the Code, also paid the municipal tax on its real estate, but refused to pay that levied upon its securities. The appellant thereupon brought the present suit to recover the municipal tax levied upon the securities.

The appellee demurred to the declaration and, its demurrer having been overruled, it set up by pleas as a defense to the action the payment by it of the tax of one-fourth of one per cent on its deposits and of the municipal tax on its real estate, and in its pleas averred that the securities which the appellant sought to tax consisted of investments purchased with the deposits on which it had already paid the tax of one-fourth of one per cent.  To these pleas the appellant demurred and, its demurrer haviug been overruled, it filed replications asserting that the levy of the taxes sued for was not based or made upon the amount of deposits in the appellee's custody or upon such deposits invested, and denying that the securities assessed represented solely investments of deposits, but insisting that a portion of the securities assessed represented investments of $10,000 of capital stock and $16,514 of surplus. The appellee demurred to these replications, and the Court sustained the demurrer and this appeal was taken from the order sustaining the demurrer.

The main question presented by the record is whether the payment by the appellee of the tax of one-fourth of one per cent on its total deposits, relieved it from liability to taxation upon the securities in which these deposits were invested.

Sec. 86 of Art. 81 of the Code requires every savings bank to pay annually what is there designated as a *franchise tax* " to the amount of one-fourth of one *per centum* on the total amount of deposits held by such savings bank," and declares in unequivocal language that " *no other tax shall be laid on such bank institution or corporation in respect to such deposits,*" but provides that its real estate shall be liable to assessment and taxation. Sec. 86A of Art. 81, which is the Act of 1890, ch. 491, contains the provision that " Nothing in sec. 86 of this Article relating to savings banks or savings institutions or corporations, shall be construed as granting exemption from taxation to the shares of any bank or other corporation, or to any other property taxable under the laws of this State by reason or on account of its ownership by a savings bank, institution or corporation of this State." No such provision appeared in the law prior to the passage of the Act of 1890.

Sec. 86 of Art. 81 originated in the Act of 1847, ch. 266, and ever since the date of that Act the State has pursued the uniform policy of accepting the total amount of interest-bearing deposits held by savings banks as the true measure of value of the property, exclusive of real estate, on which it has required those institutions to pay taxes. During all that long period the law, with some variation in its details, has required the savings banks to annually report to an appropriate State officer their total deposits and the amount so reported has been treated as an assessment and the tax levied thereon.

This method of taxation of savings banks received the careful consideration of this Court in the case of the *State* v. *Sterling* 20 Md. 502, and it was upheld and declared to be in conformity with both the letter and spirit of the 13th Article of the Declaration of Rights. In that case, in an able and exhaustive opinion, it was held that this system of taxation

"proceeds upon the theory that deposits in a savings bank, for which interest-bearing certificates have been issued, without regard to the character or form they may have assumed by investment, belong to the depositors" * * * * * and that the law "in providing for the taxation of that species of property necessarily assumes such deposits and the investments from the revenue of which the interest is payable, to be one and the same thing." *Sterling's case* has been cited and relied upon in several more recent decisions.

A savings bank does not permanently retain its deposits in the form in which they are received but it invests them, for the purpose of producing a revenue with which to pay interest to its depositors, and thereafter the securities in which the investments have been made represent the deposits. When, therefore, a tax, such as the one now under consideration, is levied upon the securities so purchased by the savings bank it is in substance and essence a tax upon its deposits and falls obviously within the description "tax in respect to deposits" as used in sec. 86.

In the *State* v. *Central Savings Bank,* 67 Md. 292, the majority of the Court inclined to the view that the tax of one-fourth of one per cent of gross deposits imposed on savings banks was to be regarded as a *franchise* tax rather than as one upon the property in which the deposits were invested. After the decision in that case was made public, sec. 86 was so amended by the Act of 1888, ch. 242, as to call that tax a franchise tax but it is apparent that the Legislature still regarded it as a tax *in respect to deposits,* for the same Act introduced for the first time in sec. 86, the proviso that *no other tax in respect to deposits* should be laid upon savings banks. It thus becomes apparent that, whether the tax of one-fourth of one per cent on the deposits is to be regarded in the strict sense as imposed upon the deposits, the franchise or the investments, it also is a tax *in respect to the deposits* within the meaning of sec. 86. It therefore follows that to permit the appellant to collect from the appellee the tax now in question which was levied upon the securities in which its deposits are

invested would amount to a violation of the proviso contained in section 86 that *no other tax* shall be laid on savings banks *"in respect to such deposits."*

Prior to the Act of 1888, ch. 242, which designated the tax of one-fourth per cent on the deposits as a franchise tax, it had been the practice, in ascertaining the amount of deposits of savings banks to be taxed, to allow to the bank a deduction from the gross amount of deposits equal to the portion thereof invested in non-taxable securities, and the propriety of making such deduction under the law as it then stood was upheld by both *Sterling's case* and that of the Central Savings Bank. The Legislature passed the Act of 1890, ch. 491, now sec. 86A, for the purpose, as declared in its preamble and in its enacting clause, not of repealing sec. 86 but of adding a section thereto. This new section contains the proviso which gives rise to the present controversy. This proviso, which we have already quoted in full, declares in substance that nothing in sec. 86 shall be construed as granting exemption from taxation to any property which is legally taxable, because of its ownership by a savings bank.

The appellant contends that the purpose of this proviso was to render savings banks which have paid the one-fourth of one per cent tax on the whole amount of their deposits liable also to State, county and municipal taxation upon the securities in which the deposits are invested. We say State, county and municipal taxation because the appellant is authorized by its charter to tax only such property as is already liable to taxation for State and county purposes. We cannot give our support to this contention, because, if upheld, it would not only emasculate the exemption from other taxation granted to savings banks by sec. 86 but would also reverse the policy which the State has for more than half a century pursued toward this useful and valuable class of institutions, and would load them with heavier burdens than are imposed upon any other portion of the community.

Sec. 86A does not repeal sec. 86, and therefore the two sections must, if possible, receive such construction as will en-

able them to stand together. This can be done without violence to either section by interpreting them when taken together to intend that savings banks must pay the franchise tax of one-fourth of one per cent and the total amount of their deposits without any deduction for such portion of the deposits as is invested in property which is non-taxable, or upon which other persons or corporations are required by the laws of this State to pay taxes; and that such other persons or corporations as are required by law to pay the taxes on those investments shall not be entitled to exemption therefrom by reason of the ownership of the property by a savings bank. Familiar illustrations of classes of property falling within this description are stocks of corporations, chartered by this State, upon which the law requires the corporation to pay the taxes, also ground rents in reference to which the law requires the owner of the leasehold estate in the lot out of which the rent issues to pay the taxes upon the entire assessed value of the property, including both the leasehold estate and the reversion. Prior to the Act of 1888, ch. 242, it was held in the *Central Savings Bank case* and in *Sterling's case* that such taxation would be double taxation on the same property. That Act was apparently passed defining the tax paid by the savings banks as a *franchise tax*, as distinguished from a tax directly upon the property, in order to remove the objection of double taxation in reference to the classes of property which we have last mentioned. The passage of the Act of 1890, ch. 491, was simply another step taken in the same direction by the Legislature.

Mention is made in the record of capital stock to the extent of $10,000 and a surplus $16,514 belonging to the appellee. Its charter is not in the record nor does it appear what the facts in that connection are. If these funds are in fact true capital stock and surplus separate and apart from and in addition to the deposits held by the appellee they are liable to taxation on the $10,000 of capital in the same manner as the capital stock of other corporations chartered by this State, and the surplus will be taken into consideration by the State Tax

Commissioner in estimating the assessable value of the stock. But as the record in the present case does not show such an assessment and levy as the law requires in reference to the stock of corporations chartered by this State there can be no recovery of that tax in this suit.  From what we have said it follows that the order appealed from must be affirmed.

*Order affirmed with costs.*

(Decided December 7, 1900.)