# THE FIDELITY SAVINGS BANK OF FROST BURG *vs* THE STATE OF MARYLAND.

### *Taxation of Savings Banks.*

The decision in the preceding case of *State* v. *The German Savings Bank* declaring invalid the Act of 1904, ch. 212, followed.

A savings bank which has a capital stock is subject to the franchise tax imposed by Code, Art. 81, sec. 86, on "every savings bank, institution or corporation organized for receiving deposits of money and paying interest thereon."

Appeal from the Circuit Court for Allegany County.

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*Albert A. Doub* (with whom was *James A. McHenry* on the brief), for the appellant.

*Ferdinand Williams*, for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appeal in this case was heard jointly with the one in No. 51 of the docket of the present term *ante* p. 196. In each case the State sued the bank as a savings bank to recover the franchise tax, due under sec. 86 of Art. 81 of the Code of 1888, on the deposits held by it on January 1st, 1904. In each case the defendant demurred to the declaration and the demurrer was overruled.

The German Savings Bank of Cumberland, the defendant in No. 51, then pleaded that it was not a Savings Bank but an

ordinary State bank of discount.    The State demurred to the plea and refused to reply further when its demurrer was overruled, whereupon judgment was entered against it and it appealed.

In the present case the Fidelity Savings Bank of Frostburg, the defendant, after its demurrer to the declaration was overruled pleaded the general issue and payment, but afterwards with the plaintiff's consent withdrew its pleas and suffered judgment to go against it on rule plea and then took the present appeal.

In both cases the defendant in support of the demurrer to the declaration relied upon the Act of 1904, ch. 212, which attempted to relieve every savings bank having a capital stock of $20,000, or over from the payment of the franchise tax imposed by sec. 86 of Art. 81 of the Code.    We held the Act of 1904 invalid, in the German Savings Bank case, because of defects in its title and stated the grounds of our decision in our opinion filed in that case.    Without repeating the reasons stated in that opinion we make the same rulings in the present case as to the invalidity of that Act.

The difference between the lines of defense adopted in the two cases is that the German Savings Bank after its demurrer was overruled, insisted by its pleas that it was in fact not a savings bank while the present appellee admits that it is a savings bank but insists that the provisions of sec. 86 of Art. 81 imposing the franchise tax apply only to savings banks having no capital stock.    It is admitted that the appellee has a capital stock of $25,000.

The position thus taken by the appellant is in our opinion untenable.    There is nothing in the language used in sec. 86 to indicate an intention on the part of the Legislature to exempt, from the tax there imposed, any class of savings banks. On the contrary the expressions there used in describing the institutions to which the law is intended to apply are of the most comprehensive character, the exact language of the section in that respect being, "Every savings bank, institution or corporation organized for receiving deposits of money and paying interest thereon."

Not only would the construction contended for by the appellant give a restricted meaning to the broad terms of the section under consideration but it would defeat the manifest purpose of the Legislature in enacting the section. Under that construction of the law any savings bank having $1,000,000 or $10,000,000 of deposits, as some of them have, could entirely evade taxation thereon by simply so amending its charter as to have a small capital stock.

This question has not heretofore been before this Court as a direct issue but in the case of *Westminster* v. *The Westminster Savings Bank*, 92 Md. 65, we had occasion to consider very fully the operation of sec. 86 upon a savings bank which had a capital stock. We there held that, although no other tax than the franchise tax could, under the provisions of that section be laid on such a bank *in respect to its deposits*, its capital stock, was liable to taxation "in the same manner as the capital stock of other corporations chartered by this State," and its surplus if it had any, would be taken into consideration by the State Tax Commissioner in estimating the assessable value of the stock. It is true that in that case the bank did not resist the payment of the franchise tax on its deposits but the entire scheme of taxation of savings banks by the State received consideration at our hands and it did not occur to us that the fact of the bank having capital stock released it from the obligation to pay the franchise tax on its deposits.

Although we have been compelled to hold invalid, because of its defective title, ch. 212 of the Acts of 1904, which exempted from the payment of the franchise tax savings banks having a capital stock of $20,000, or over, the fact that the Legislature passed that Act is evidence that sec. 86 of Art 81 which imposed the tax was intended to apply to such banks having capital stock. If that had not. been the case there would have been no occasion to pass the Act of 1904 to relieve from the tax savings banks having a certain amount of capital stock.

The Circuit Court committed no error in its ruling on the demurrer and entering the judgment appealed from which will be affirmed.                    *Judgment affirmed with costs.*